WILLIAM H. BEASLEY *v.* ROBERT C. EVANS.

1. CONTRACT : CONSTRUCTION OF A QUESTION FOR THE COURT.—The construction of a written instrument is a question of law, to be determined by the court, and it will be error for the court to submit it, by instructions, to the determination of the jury.   See 2 Parson's Contr. 4.
2. STATUTE OF LIMITATIONS : NON-PROMISE: ACKNOWLEDGMENT OF JUSTICE OF DEBT.—An acknowledgment by the defendant that a debt, barred by the statute, is just and unpaid, is, without any promise to pay it, sufficient to take it out of the bar of the statute.
3. SAME : SAME.—A clear and unconditional acknowledgment of the justice of a debt, barred by limitation, together with an express waiver of the benefit of the statute, will revive it, although accompanied by a conditional and insufficient promise to pay it.
4. SAME : SAME.—Where there is a clear and unconditional acknowledgment of the justice of the debt, and an express waiver of the benefit of the Statute of Limitations, accompanied by a promise to pay it when the defendant should become able to do so, it is unnecessary for the plaintiff, in order to avoid the defence of the Statute of Limitations, to show that the defendant is able to pay the debt: the acknowledgment and waiver being sufficient to save the bar.

ERROR to the Circuit Court of Adams county.   Hon. Stanhope Posey, judge.

On the 6th of April, A.D. 1855, Beasley, the plaintiff in error,

Beasley *v.* Evans.

commenced his action in the court below against Evans, the defendant in error, on two promissory notes, signed by said Evans and T. L. Evans, both dated February 3d, 1841, and due on the 15th of November thereafter. One of these notes was for $1830.38, and the other for $976.50. Among pleas, the defendant pleaded the Statute of Limitations of six years, and upon the issue taken on that plea the cause was tried.

It appeared from the evidence, that both notes were written on one piece of paper, the one for $1830.38 first, and the other for $976.50 next. On the reverse side of that part of the paper on which the first note was written, were indorsed several credits, dated in 1841 and 1842; on the reverse side of the other note, was a writing, indorsed and signed as stated in the opinion of the court. The indorsements of credits covered the greater part of the reverse side of the first note.

This was all the evidence. The court, at the instance of the defendant, instructed the jury as follows:—

" 1. The writing read in evidence, as to the ' note' for the ' sum specified,' and the like, is to be applied by the jury to the claim actually meant by such writing, and is not to be extended by them to any claim not embraced in such writing.

" 2. If the promise in question is so uncertain that the jury cannot tell from the evidence to which claim it applies, such promise is void for uncertainty, and if the notes sued are barred by limitation, without such promise, the jury will find for defendant.

" 3. If the promise or undertaking of the defendant, to pay one of the notes in question—and such promise or undertaking is to be taken altogether—was conditional, and predicated upon his ability to pay the same, then, unless it be shown in evidence that the defendant was or is able to pay such note,—and in the absence of proof to that effect the jury are not to presume the same—the jury will find for the defendant."

The defendant had verdict and judgment; and the plaintiff moved for a new trial, which being refused, he tendered his bill of exceptions, and sued out this writ of error, and assigned the following grounds for reversal :—

1. The court erred in giving the 1st, 2d, and 3d instructions asked for by defendant.

2. The court erred in refusing a new trial.

*T. Reavis*, for plaintiff in error.

I. It was the duty of the court to construe the written acknowledgment relied on by plaintiff, as an answer to the plea of the Statute of Limitations; and it was error to refer its construction to the jury. 2 Parsons on Contracts, 4; *Earbee* v. *Craig*, 1 Ala. Rep. 607; *Branch Bank* v. *Boykin*, 9 Ib. 320; *Wilson* v. *Jones*, 8 Ib. 536; *Holman* v. *Crome*, 16 Ib. 570.

II. The written acknowledgment clearly applied to the note for $976.50, only; First, because it was written on the back of that note, and refers to "the within note, for the sum specified," as just. Secondly, because it cannot refer to the note for $1830.38, as "a just claim," "for the sum specified," because that had several credits upon it, and, therefore, was not a just claim "for the sum specified" in it.

III. The writing was a clear and unequivocal acknowledgment that the note for $976.50 was a just claim against the defendant; and a distinct and unconditional waiver of the Statute of Limitations which had run upon it. And as the acknowledgment was made when the note was present, as appears by the fact that the acknowledgment was made upon the back of it, it would have been sufficient to remove the bar of the statute, if only verbally made. It is certainly not the less sufficient in writing. The debt having been thus revived, the promise to pay it when enabled to do so, neither enlarged nor diminished the liability to pay it. The writing is not merely a promise to "settle" the note as soon as the promisor should be enabled to do so; but, independently of that, is such an acknowledgment as removes the bar of the statute; otherwise, the express waiver of the "outlawry" of the note, and the express acknowledgment that the claim is just, amount to nothing. *Brady* v. *Woherty*, 30 Miss. Rep. 40; *Fonte* v. *Bacon*, 24 Ib. 156; *Adams* v. *Torry*, 26 Ib. 499.

IV. For these reasons, the charges given by the court, were erroneous; and as it clearly appears, that the plaintiff was entitled to recover on the note for $976.50 at least, the court erred in refusing him a new trial.

*G. M. Davis*, for defendant in error.

1st. The two notes sued upon, standing by themselves, had been barred by limitation (of six years), long before the commencement of the suit.

2d. The partial payments upon the one note, did not operate to revive it. *Smith* v. *Westmoreland*, 12 S. & M. 663.

3d. The promise, written upon the other note, whatever was, (or is) its character, applied only to that note, and not to both. As long as there is any meaning in language, or any distinction in grammar, or law, between the singular and plural numbers, so long will this promise be held to apply to the one note and not to both. The court is requested to criticize and analyze this promise.

4th. This promise was not absolute, but conditional or qualified, and, taken altogether, meant, and was intended to mean only, that the defendant would pay the note " when able." The promise, like any other admission, is to be taken altogether, and such construction to be given to it, as its phraseology reasonably imports. When the promise was made, the note was clearly barred by lapse of time : and hence, an explicit and unqualified promise was necessary to revive it. The court, upon reading this promise, will readily perceive that it was conditioned upon the ability of the maker to pay. This is its true construction,—both as matter of law and of fact,—and the jury, upon an instruction to them, so found : and this court will not disturb their verdict. *La Tounette* v. *Price*, adm'x, 6 Cushman (28 Miss.) R. 702–706.

The plaintiff offered no evidence whatever, that the defendant was able, or had the ability to pay, and hence, he was not entitled to recover.

HANDY, J., delivered the opinion of the court.

This action was brought by the plaintiff, upon two promissory notes, made by Robert C. Evans and Thomas L. Evans, dated 3d February, 1841, and payable in November thereafter,—one for $1830.38, and the other for $976.50. Among other things, the defendants pleaded the Statute of Limitations, of six years, to which the plaintiff replied, denying the allegation, and upon that issue the case appears to have turned.

Both of the notes appear to have been written on one piece of

paper. On the reverse side of the part of the paper on which the note for $1830.38 is written, are indorsed several credits, for payments made in 1841 and 1842; and on the reverse side of the paper on which the note for $976.50 is written, there is an indorsement in the following words: "Natchez, Nov. 30, 1850. I hereby acknowledge the within note, for the sum specified, to be a just claim against R. C. and T. L. Evans, and promise, as soon as I may be enabled to do so, to settle the same; hereby waiving, in so far as I can do so, the outlawry of the note. Robert C. Evans."

. On the trial the court instructed the jury properly, that it was for them to determine from the circumstances of the entries upon the notes, to which of these notes this promise or acknowledgment was intended to apply; and the court also gave the following instruction: " If the promise, or undertaking of the defendant, to pay one of the notes in question,—and such promise or undertaking is to be taken together,—was conditional and predicated upon his ability to pay the same, then, unless it be shown in evidence that the defendant was or is able to pay such note, and in the absence of proof to that effect, the jury are not to presume the same, and will find for the defendant."

The plaintiff excepted to this instruction, and the verdict and judgment being for the defendant, the plaintiff sued on this writ of error.

We think that this instruction is erroneous in two respects:—

1. It refers the important question of the construction of the written promise or acknowledgment indorsed on the notes, or upon one of them, to the jury, to be settled by them. This was a manifest error. It was for the court, and not the jury, to determine the construction and legal effect of the writing, and to instruct the jury whether it was sufficient to take the notes, or either of them, out of the operation of the statute, leaving it to the jury to determine, from the circumstances, to which of the notes the writing was intended to apply. 2 Parsons on Contr. 4.

2. The instruction conveys the idea that the writing must be regarded solely with reference to the promise to pay the note, and if that promise was conditional, and dependent upon the defendant's

ability to pay, then that the promise is ineffectual to take the case out of the statute, and the verdict should be for defendant.

The error in this is, that it confines the writing to the effect to be given to it as a *promise to pay*, discountenancing the idea that it could have any effect as a new *acknowledgment of the indebtedness.* The statute plainly recognizes that an acknowledgment that the debt is due and unpaid, may be sufficient to revive a cause of action barred by the statute (Hutch. Dig. 832, § 16); and that may be effectual for the purpose, though there be no promise to pay, or a promise to pay which is insufficient, provided the acknowledgment be clear and distinct, and unconditional.

The writing here, commences with a positive and clear acknowledgment, that the note referred to was a just claim; then follows a conditional promise to pay, when he may be able; and it concludes with an express waiver, so far as he could do so, of any objection on the ground of limitation. It is, therefore, very clear that, though the promise to pay was insufficient, yet the acknowledgment of the justness of the claim, and the waiver of the defence of the Statute of Limitations as to the party who signed the writing, are clear and unconditional, and abundantly sufficient to revive the cause of action upon the note referred to by it.

For these reasons, the judgment must be reversed, and the cause remanded for a new trial.