## MOSES E. YARBROUGH *v.* GILLAND BROTHERS.

1. STATUTE OF LIMITATIONS. *New promise.* Code 1892, § 2757. *Partnership.*

    An acknowledgment in writing to a managing partner of a debt to him, is sufficient as an acknowledgment, in writing, of a debt to his firm, under code 1892, § 2757, and available in avoidance of the statute of limitations, on proof that the acknowledgment related to the partnership debt sued on.

2. SAME. *Sufficiency of specification of debt.*

    A statement in a letter to the effect that the writer owes the party addressed, "merchandise, $9.60," fixing the date on which the merchandise was purchased, is not invalid because the articles are not specified.

FROM the circuit court of Winston county.

HON. GREEN B. HUDDLESTON, Judge.

Gilland Brothers, appellees, were plaintiffs in the court below; the appellant, Yarbrough, was defendant there. The new promise relied upon by plaintiffs was in form a letter to Jones Gilland, one of the plaintiffs, the managing partner of the plaintiff firm, and it was in words following:

"PLATTSBURG, MISS., March 7, 1896.
"Mr. Jones Gilland—
*"Dear Sir and Kind Friend:*

"I feel like I ought to do something for you. I would have paid you before now but I was not in shape to do it. Mr. Lee has been here three or four times to see me about this matter. Mr. Gilland I owe you for 4 tons phosphate; Mr. Lile Boid let me have it for $25 per ton, shiped to McCool free of fraight, and when I settled with you in the fall you had my fertilizer, $110; you told me you would take the ten dollars off. Mr. Gilland when I settled with you all but the fertilizer I traded $9.60 with you. Now I will say this to you, I will settle this by note if you will not charge me interest. I ask you to do this for I am hard run; I have been in debt $1,500, and no man has charged me interest. I want to do what is right. If you will take off the interest I owe you 4 tons fosphate.......$100 00
Merchandise ................................    9 60
                                          ———————
                                          ·  $109 60

"If you will do this, I owe Will Gilland $20 for whiskey, and you can put this in the note too: that will make the note $129.-60; make it due the first of December, 1896.

"Mr. Gilland, if this is satisfactory I will settle it if it takes every thing I possess. I will never forget you all how kind you all have been to me. If you will settle this way you will get the money before it is due. Mr. Gilland, if this is all right, please send me the note· and I will sign it. I will close hoping to hear from you soon. Yours truely,    M. E. YARBROUGH."

*Edward Hughston,* for appellant.

The letter should not have been admitted in evidence. The decisions of this court have clearly established the rule that a writing, to have effect as an acknowledgment or new promise, must be precise and definite, and must so clearly identify the old debt that there is nothing of importance to be proved by other evidence. *Lawrence* v. *Mangum,* 30 Miss., 171; *Mask* v. *Philler,* 32 Miss., 237; *Trustees* v. *Gilman,* 55 Miss., 148;

Opinion of the court.

·*Eckford* v. *Evans,* 56 Miss., 18; *Fletcher* v. *Gillan,* 62 Miss., 8; *Allen* v. *Hillman,* 69 Miss., 225.

The letter in this case totally fails to identify the debt sued upon, in that it does not state that there is a debt due to Gilland Brothers; it refers alone to a debt due Jones Gilland, and it is not permissible to show by parol that the debt referred to is or was a debt due the plaintiff firm.

There is nothing in the letter to show that it was intended as a new promise to pay or an acknowledgment of the debt to the copartnership.

*George Richardson,* for appellees.

The letter clearly identifies the debt sued on, and that the liability is to Gilland Brothers. True, it was addressed to Jones Gilland, the leading member of the copartnership, but it was evidently written and intended for his firm. The acknowledgment is the same in legal effect as if made directly, and addressed to Gilland Brothers. *Stewart* v. *Garnett,* 65 Md., 329; *Emmerson* v. *Aulderson,* 69 Md., 125.

TERRAL, J., delivered the opinion of the court.

On the twenty-third day of January, 1897, Gilland Brothers, a firm composed of Jones Gilland, and J. W. and S. N. Gilland, brought suit on an open account for $145.80, due the first day of January, 1894, against Moses E. Yarbrough. Yarbrough pleaded the statute of limitation of three years, and to avoid said plea, the plaintiff replied a new promise in writing of March 7, 1896.

The account sued on, among other articles, was for 8,000 pounds of bone dust charged at $110, and the three last items of the account aggregated $9.60; the letter containing the alleged new promise was address to Jones Gilland, and acknowledged that Yarbrough was indebted to him for four tons of phosphate at the price of $100, and that he was also indebted to Gilland in an account for $9.60 for articles bought by him when

he made a payment to Gilland, which the account showed to have been on the first of December, 1893.

It is insisted that the writing is insufficient under our statute, code 1892, § 2757, to charge Yarbrough, because it is addressed to Jones Gilland instead of to Gilland Brothers, and because the acticles aggregating the $9.60 are not sufficiently specified.

The circuit court directed a verdict for the plaintiff for $109.60.

It was in evidence that Jones Gilland was the leading and managing member of the firm of Gilland Brothers, and there is no room to doubt that the account sued on contained the articles for which the defendant acknowledged himself indebted in the sum of $109.60.

The acknowledgment made to Jones Gilland, we think, was sufficient to bind the defendant to pay the debt, which was clearly due to Gilland Brothers, and the judgment is

*Affirmed.*