TENNESSEE BREWING CO. *v.* WILLIAM H. HENDRICKS.

1. LIMITATION OF ACTIONS. *New acknowledgment.* *Code* 1892, § 2757.

   An acknowledgment in writing, signed by the debtor, indorsed on an open account in these words, "I hereby acknowledge that the above balance, two hundred and thirty dollars (the balance shown on the account) is correct," is a sufficient acknowledgment of the debt, under code 1892, § 2757, to prevent the bar of the statute of limitations.

2. SAME. *Stated account.*

   The written acknowledgment of the debt above quoted converted the open account into a "stated account acknowledged in writing, signed by the debtor," and the statute of limitation thereafter applicable was the six years statute.

FROM the circuit court, second district, of Yalobusha county. HON. WILLIAM A. BELK, Special Judge.

The Tennessee Brewing Co., the appellant, was the plaintiff in the court below; Hendricks, the appellee, was defendant there. The facts are stated in the opinion of the court.

*I. T. Blount,* for appellant.

There is but the one point for the court to consider in this case, and that is whether the writing be such a writing as will prevent the bar of the three years' statute of limitations. This was a stated account, rendered to the defendant by plaintiff's agent in person. Defendant presented his set-offs, and a settlement was agreed upon, and defendant acknowledged, in writing, "the above balance, two hundred and thirty dollars, is correct." The court below, as we think, erroneously held that the writing should have gone further and "promised to pay." The statute does not require a promise. An "acknowledgment" is all that is necessary. Code 1892, § 2739.

This court so held in *Floyd* v. *Pearce,* 57 Miss., 140. The law implies the promise. The acknowledgment, in writing, of the balance due was the making of a new contract, and the statute only began to run from that date. *Ib.*

No counsel appeared in the supreme court for the appellee.

TERRAL, J., delivered the opinion of the court.

The Tennessee Brewing Company, a corporation, on the 27th day of September, 1897, brought suit against W. H. Hendricks for $230. The cause of action as set out in the declaration is an account for goods, wares, and merchandise sold by the plaintiff to the defendant in August, September, October, and November, 1893, amounting to $230, at the foot of which open account is written as follows:

"I herewith acknowledge that the above balance, two hundred and thirty dollars, is correct.      W. H. HENDRICKS."

The defendant pleaded the general issue, and the statute of limitation of three years, and gave notice of an offset amounting to $250. To the statute of limitation of three years the plaintiff replied "that defendant had, in writing, acknowledged the correctness of the claim, and in writing had undertaken and promised to pay said amount within three years."

It was proven for the plaintiff that the goods were sold and delivered to the defendant at the date of the several items thereof, and that on the 14th or 15th of November, 1893, the defendant signed the writing at the foot of the account above set out. This was all the evidence, whereupon the court excluded the plaintiff's testimony and directed a verdict for the defendant, "because (as it is said) the account was barred by the statute of limitations, and the new promise was insufficient evidence of a new contract, because there was not express promise to pay the two hundred and thirty dollars."

The acknowledgment of the debt was quite sufficient, we think, to constitute a new and binding promise, if the debt had been barred by the statute of limitations. *Beasley* v. *Evans*, 35 Miss., 192; *Hart* v. *Boyt,* 54 Miss., 547. But the debt had never been barred. It existed in the form of an open account for a short time prior to the 15th day of November, 1893, when the written acknowledgment of the amount was made and signed by the debtor, which constituted the debt an open account or an account stated, acknowledged in writing and signed by the debtor, and the statute of limitations applicable to that form of action is six years and not three.

The plaintiff, and not the defendant, was entitled to the peremptory instruction, according to the evidence before the court.

*Reversed and remanded.*