THERESA J. STEWART ET AL. *v.* RICHARD H. FORMAN.

[43 South., 67.]

LIMITATIONS. *Acknowledgment of debt. Code* 1892, § 2757. *Code* 1906, § 3118.

A deed of conveyance which provides that in consideration thereof the grantee is to credit the grantor's indebtedness to him with a certain sum and that such conveyance shall not impair the lien of a fully identified trust deed as a security for whatsoever balance the grantor owed is, under Code 1892, § 2757, a sufficient acknowledgment, in writing, signed by the party chargeable thereby, to save the bar of the statute of limitations, in a proceeding to foreclose the trust deed,—the amount acknowledged to be due being readily ascertainable by applying the credit on the indebtedness.

FROM the chancery court of Jefferson county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Mrs. Stewart and another, appellants, were complainants in the court below; the appellee, Forman, was defendant there. From a decree sustaining defendant's demurrer to the bill and dismissing the same, complainants appealed to the supreme court.

On December 24, 1892, the appellee, Forman, being indebted to Stewart Brothers & Company, a mercantile copartnership, in the sum of $3,000, executed his promissory note to their order for that amount, payable on December 24, 1893, and, to secure the debt evidenced by the note, executed a trust-deed conveying along with other property an interest in land known as the Dent plantation. This trust-deed was duly recorded upon the county records in Deed Book 3-A, p. 362. On November 16, 1899, the debt being still unpaid and the bar of limitation about to intervene, Forman, at the request of Stewart Brothers & Company, executed a formal renewal of the note and trust-deed, signed and acknowledged by him before

a noatry public. The renewal stated that the appellee, Forman, "acknowledged the correctness of the debt secured by the trust-deed of record in Deed Book 3-A, p. 362," but did not specify when the indebtedness should be paid by him. Hence it will be seen that the six-year statute of limitation began to run forthwith against the renewal, from the new date of November 16, 1899. This renewal was duly recorded in Deed Book 3-I, p. 711. On December 11, 1902, the debt being still unpaid, Forman, who desired to dispose of certain property in the town of Rodney, included in the trust-deed, executed a warranty deed to Stewart Brothers & Company, incorporating in this deed language which was claimed by appellants to be an acknowledgment in writing of the existing debt secured by the note and trust-deed aforesaid, and which is as follows:

"Whereas heretofore I executed to Stewart Brothers & Company a lien upon the property hereinafter described, together with other real estate, to secure an indebtedness due to them by me; and whereas said indebtedness is still largely unpaid, and I, R. H. Forman, have agreed with said Stewart Brothers & Company to convey to them the property herein described, and in consideration of such conveyance they are to credit me on my indebtedness to them with the sum of $1,270. . . . (Here follows the conveyance proper.) . . . But it is expressly understood and agreed that this conveyance shall in no wise affect or impair the lien of said Stewart Brothers & Company upon the interest I own in the Dent plantation, but said lien, as shown in Book 3-A, p. 362, and Book 3-I, p. 711, of the record of deeds of Jefferson county, shall remain unimpaired as security for the balance I owe them."

On April 24, 1906, twelve years and four months after the maturity of the note of appellee to Stewart Brothers & Company, six years and five months after the renewal of November 16, 1899, and three years and four months after the execution of the warranty deed, the appellants filed a bill in chancery against the appellee alleging the above facts. The bill further

alleged that the amount due was not incorporated in the renewal for want of proper data in the possession of the attorneys drawing the instrument at the time, and praying for an accounting to ascertain the balance due, and an order for same to be paid to complainants, or that the property covered by the trust-deed be sold under order of court and the proceeds applied, in so far as might be necessary, to the payment of the indebtedness. Defendant filed a short answer denying indebtedness on the ground that the debt was barred by statute of limitations of six years, but subsequently by leave of court withdrew his answer and filed a demurrer based on the contention that the recitals in the warranty deed of December 11, 1902, relied on by complainants as constituting a renewal of the debt, were insufficient to take the case out of the statute of limitations. The demurrer was sustained, and as complainants declined to amend their bill, the suit was dismissed.

Code 1892, § 2757, the statute referred to in the opinion, is as follows:

"In actions founded upon any contract, an acknowledgment or promise shall not be evidence of a new or continuing contract whereby to take any case out of the operation of the provisions of this chapter ("Limitation of Actions") or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby."

. *E. S. & J. T. & H. W. M. Drake,* for appellant.

The language of the deed of December 11, 1902, is ample to establish the acknowledgment of debt required by Code 1892, § 2757. This statute, in the Code chapter on limitation of actions, provides that the limitation or bar shall not cease "unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby." Certainly the recitals in the deed in reference to the debt constitute a distinct and formal acknowledgment of the

debt sued on. The debt itself is unequivocably identified, and contained in a writing signed by the party chargeable thereby. Even a cursory reading of the deed shows that the language was meant to be an acknowledgment of a balance due upon the indebtedness due by the appellee, which is the debt sued on.

Notice the recitals: "Whereas heretofore I executed to Stewart Brothers & Company a lien upon the property hereinafter described (together with other real estate) to secure an indebtedness due them by me, and whereas said instrument is still largely unpaid, and I, R. H. Forman, have agreed with said Stewart Brothers & Company to convey to them the property herein described, and in consideration of said conveyance they are to credit me on my indebtedness to them with the sum of twelve hundred and seventy dollars. . . . But it is expressly understood and agreed that this conveyance shall in no wise affect or impair the lien of said Stewart Brothers & Company upon the interest I own in the Dent plantation, but said lien as shown in Book 3-A, p. 362, and Book 3-I, p. 711, of the record of deeds of Jefferson county shall remain unimpaired as security for the balance I owe them."

It is difficult to see how a more formal acknowledgment of the existence of debt could be made, or how the debt itself could be more thoroughly identified or more explicitly designated.

It was contended by appellee in the lower court that the exact balance owing at the time was not stated in the renewal. This court, however, has held that this is not necessary; for, where the debt is sufficiently identified, the amount of indebtedness need not be stated in the writing. *Hart* v. *Boyt,* 54 Miss., 547; *Bowmar* v. *Peine,* 64 Miss., 99, s.c., 8 South., 166; *Heflin* v. *Kinard,* 67 Miss., 522, s.c., 7 South., 493.

In the case of *Hart* v. *Boyt,* above cited, the writing was upon the back of a mortgage securing the debt, and was in the following words, "We hereby agree and promise to renew the note for which this mortgage is given and to give a mortgage whenever the exact amount due on said note is ascertained."

It was contended as a defense of nonpayment that the amount was not stated but was expressly left uncertain. This court held that it was not essential for the exact amount to be specified in the writing, that it was rarely ever so specified, and that the amount due is ordinarily a mere matter of calculation.

In the case of *Bowmar* v. *Peine,* 64 Miss., 99, s.c., 8 South., 166, no amount was specified in the renewal, and it was strongly contended that this was insufficient, but this court ignored such contention and held the renewal valid.

In *Heflin* v. *Kinard,* 67 Miss., 522, s.c., 7 South., 493, the acknowledgment of indebtedness relied on was contained in a letter to the payee, which letter had been lost, but which by secondary evidence was shown to be about as follows: "Credit this on my note in the county treasury. I will be down soon to pay the balance." It will be seen at a glance that this renewal did not absolutely identify the debt. In fact it would appear from close reading of the case that parol evidence was admitted to show that the maker had but one note in the county treasury. Now in the case at bar the debt is identified beyond question by a reference to a trust-deed which secures but one debt, to-wit, a promissory note; and this identification is contained in the writing itself.

While the case of *Heflin* v. *Kinard, supra,* seems to be the latest reported case wherein the point here in issue was directly passed upon by this court, yet the two cases of *Yarborough* v. *Gilland,* 77 Miss., 139, s.c., 24 South., 170, and *Brewing Co.* v. *Hendricks,* 77 Miss., 491, s.c., 27 South., 526, uphold the general doctrine announced in the three above cases. And we also call attention to the fact that the case of *Allen* v. *Hillman,* 69 Miss., 225, s.c., 13 South., 871, cited by opposing counsel, shows that the writings relied upon there were not sufficiently precise either as to the debt itself or as to the amount, and the writings were letters of apology for nonpayment, differing materially in character and contents from the recitals of the deed of Forman, the appellee.

We have above referred[1] to cases of our own court. We also call attention to cases of other courts upholding our contentions, to-wit: *Bank* v. *Woodman,* 93 Ia., 668; *Hazlebaker* v. *Reeves,* 12 Pa. St., 264; *Stoner* v. *Devilbiss,* 70 Md., 144; *Schmidt* v. *Pfau,* 114 Ill., 494; *Conway* v. *Reyburn,* 22 Ark., 290; *Farrell* v. *Palmer,* 36 Cal., 187; *Davis* v. *Herring,* 6 Mo., 21; *Kitlridge* v. *Brown,* 9 N. H., 379; *Hale* v. *Hale,* 4 Humph. (Tenn.), 184; *Abraham* v. *Swan,* 18 W. Va., 274; *Bell* v. *Crawford,* 8 Grat. (Va.), 177. And see also, as text-book authority, Wood on Limitation, secs. 68, 87, 88.

We would call the court's attention to the statement in the bill that the amount was not stated for the reason that neither the appellee, Forman, nor the appellant's attorney who negotiated the deal, knew what was the exact amount of indebtedness, that the appellee agreed to submit a statement of the credits claimed, which he afterward did in his own handwriting. We of course realize that this of itself would not take the case from out the operation of the statute of limitation, but we submit that it is absolutely conclusive as to the intention of the parties in the execution of the writing sued on, namely, to renew the debt, to take a new start upon an indebtedness the amount of which should be newly ascertained.

It is important to note that under our statute, Code 1892, § 2757, an acknowledgment in writing is sufficient of itself to stop the running of the statute. In many other states the language of the statutes calls for a new promise and makes no mention of an acknowledgment. Yet in the great majority of these states a new promise is inferred from an acknowledgment. Alabama is the only state of which we have knowledge where a new promise will not be inferred or implied from an acknowledgment. For such reasons our state cannot take the decisions of Alabama as authoritative on the point here in issue.

In conclusion, we contend that the appellee's deed of December 11, 1902, shows upon its face that it is not merely a deed but also an acknowledgment of indebtedness for the pur-

pose of removing the bar of the statute. The deed was complete without such recitals as to the indebtedness. The concluding clause of the deed, in reference to the lien on the Dent plantation, was added evidently, (1) for the purpose of acknowledging beyond cavil that after the application of the payment there still existed a balance upon the debt referred to; (2) for the further purpose of retaining in force, that is, renewing, the lien by which this balance was secured.

The cases cited by opposing counsel do not sustain his contention, hence, under the above authorities we have cited, the decree of the lower court should be reversed and the case be remanded.

*J. A. Ramsay,* for appellee.

The contention of appellants is that the appellee's deed of December 11, 1902, to Stewart Brothers & Company contains a new promise or acknowledgment sufficient to prevent the bar of limitation. But such contention is not tenable. The deed recites that Stewart Brothers & Company are to credit appellee on his indebtedness to them, in a certain amount. A part payment will certainly not be considered as removing the bar of limitation. *David* v. *Harrison,* 33 Miss., 41; *Perry* v. *Ellis,* 62 Miss., 711; Code 1892, § 2757.

An acknowledgment or new promise in writing, if sought to be admissible as evidence of a new or continuing contract sufficient to deprive the debtor of the benefit of the statute, must be one sufficient to maintain a suit upon. *Fleming* v. *Fleming,* 33 S. C., 505; *McCormick* v. *Brown,* 36 Cal., 180.

Neither the word "acknowledge" or the word "promise" is used in appellee's deed, and the court will notice that the references in the deed are to the *lien,* no promise to pay being therein intimated. A promise or acknowledgment relied on to take a case out of the statute of limitations must be a direct, distinct, unqualified and unconditional admission of the debt which the debtor is liable and willing to pay. *Pierce* v. *Merrill,* 79 Am.

St. Rep., 63.   See also *Connecticut Trust, etc., Co.* v. *Wead,* 172 N. Y., 497; *Krebs* v. *Olmstead,* 137 Mass., 504.

It is not the acknowledgment which renews or revives the debt.   The determining question must be whether there has been a new promise within six years from maturity of the prior debt.

Recitals in a bill of complaint as to past conversations and other matters of incompetent evidence will not check the statute of repose.   *Fletcher* v. *Gillan,* 62 Miss., 8; *Marcum* v. *Marshall,* 129 Penn. St., 506.

As there was no acknowledgment of indebtedness in the deed within the meaning of the statute the action of the lower court was correct, and the case should be affirmed.   *Hart* v. *Boyt,* 54 Miss., 547; *Allen* v. *Hillman,* 69 Miss., 225, s.c., 13 South., 871; *Braithwaite* v. *Harvey,* 43 Am. St. Rep., 625.

WHITFIELD, C. J., delivered the opinion of the court.   We think the recitals in the deed of December 11, 1902, quite sufficient to take the case out of the statute of limitations.   It will be observed that the statute (§ 2757, Code 1892) uses the language in the alternative, "such acknowledgment or promise."   So far as the amount is concerned, that is a mere matter of calculation, made certain by the amount of the debt and the amount of the credit.   The debt is distinctly identified. See *Heflin* v. *Kinard,* 67 Miss., 522, 7 South., 493, and *Hart* v. *Boyt,* 54 Miss. 547.

The decree is reversed, the demurrer overruled, and the cause remanded, with leave to answer within thirty days from filing of mandate in the court below.