DYER *v.* LOWE.

(Division B.   March 10, 1947.)

[29 So. (2d) 324.   No. 36346.]

George Bean, of Okolona, and **James A. Finley,** of Tupelo, for appellant.

Paul **M. Moore** and **W. J. Evans**, both of Calhoun City, and **H. B. Abernathy**, of Houston, for appellee.

**Alexander, J.,** delivered the opinion of the court.

On April 17, 1937, appellee was duly appointed receiver for Arthur Delapierre, Inc. After notice to creditors to file claims, Charles H. Cowen filed claim in the sum of $73,474.08, representing certain promissory notes executed by the corporation and unpaid salary. This claim was duly assigned to appellant.

The chancellor disallowed this claim as being barred by the statute of limitations. It is true that the notes and salary claim are so barred if we look only to the dates of

the notes and the periods at which the salary items accrued. However, on February 28, 1934, a contract was entered into in writing, executed by the corporation and Charles H. Cowen, in which the notes were described by their respective dates and amounts and the items of salary accruals by an attached schedule which sets out dates and itemizes the balances as they accrued. The contract provided that the several notes above referred to would be placed in escrow for two years to abide the payment of a new note by the corporation in the sum of $12,000 in favor of Cowen. In the event of payment of the $12,000 note the entire claim, theretofore existing, of $73,474.08, would be thereby liquidated and the original notes delivered by the escrow agent to the corporation. If the lieu note was not paid at maturity, the original notes would be redelivered to Cowen and the entire account made current. The $12,000 note was not paid.

This agreement, under seal of the corporation, was not an accord and satisfaction nor an executed compromise. It constituted a mere option to the corporation to commute the entire indebtedness by paying within two years the sum of $12,000. Default in payment of this note restored the status quo ante.

The agreement had further significance. It acknowledged by a writing that "the party of the second part (the corporation) is indebted to party of the second part (Cowen) in the sum of $53,440 and interest under certain promissory notes." The contract further makes note of the unpaid salary account, totaling $20,034.08, and sets same out in some detail with dates.

We think this contract as an acknowledgment in writing of the debt takes the claim from under the bar of the respective statutes. Beasley v. Evans, 35 Miss. 192; Yarbrough v. Gilland, 77 Miss. 139, 24 So. 170. It is true that the dates identifying the several notes were not disclosed as being dates of execution or maturity, and that the notes were further described as owing to Charles H. Cowen "and the estate of Mary E. Cowen," and further that the salary account defies any but expert accountancy

to reconcile the several debits and credits. Yet it remains that the claim which followed the content and detail of the contract, is sufficient to sustain a recovery for such amounts as may be ascertained upon examination and calculation by the chancellor. Superficial uncertainties as to exact amounts due, resolvable by explanation, are not sufficient to impair identification of the indebtedness under Code 1942, Sec. 748. Hart v. Boyt, 54 Miss. 547; Stewart v. Forman, 90 Miss. 85, 43 So. 67. Compare Taylor v. DeSoto Lumber Co., 137 Miss. 829, 102 So. 260, 103 So. 82.

The claim was not heard upon its merits, but was disallowed by the chancellor as being barred. We find this to be error.

There is no error in allowing the claim to be filed after expiration of the original notice period. There was no prejudice to the receiver shown, and its exclusion on this ground was denied by the chancellor.

Other objections to the claim were set up and argued by the receiver. We find them without substantial basis and do not incorporate a discussion thereof in our opinion. We remand the cause for an adjudication of the claim upon its merits and to the extent of the interest therein possessed by the appellant as assignee.

Both parties contest the allowance of the fees to the receiver and to his solicitors, appellant asserting excessiveness and appellee by cross-appeal alleging inadequacy. Our reaction to the allowance made to the present counsel for the receiver is one of inadequacy, and we find no basis for the apparent disparity between the fees to conusel and to the receiver. We cannot, however, support a view that the learned chancellor abused his discretion in this matter nor can we assume otherwise than that he took into account relevant factors not revealed by the record. We have in mind the necessity for remand and trial upon this claim and rest assured that the chancellor, in taking into account the additional services hereby made necessary, will avail of the opportunity to

make such revision or adjustment as is merited. We do not find this to be such a case as authorizes us to fix additional counsel fees for services rendered upon appeal.

Reversed and remanded.