K. M. HEFLIN, COUNTY TREASURER, v. W. J. KINARD, JR.

STATUTE OF LIMITATIONS. *New promise. Evidence to apply writing.*

> Under § 2668, code 1880, requiring a new or continuing promise to be in writing in order to prevent the bar of the statute of limitations, where a debtor of a county on making a payment writes the treasurer: "Credit this on my note in the county treasury. I will be down soon to pay the balance." This is good as a new promise, and parol evidence is admissible to identify the debt and apply the writing. *Trustees* v. *Gilman*, 55 Miss. 148, and *Eckford* v. *Evans*, 56 Ib. 18, distinguished.

FROM the chancery court of Itawamba county.

HON. BAXTER MCFARLAND, Chancellor.

Appellee, who was complainant in the court below, obtained a decree, and his injunction was made perpetual. Defendant appeals. The court considers it necessary to pass on only one of the questions discussed by the counsel. The facts as to this are fully stated in the opinion.

*Newnan Cayce*, for appellant.

The new promise was sufficient, and prevents the bar of the statute. *Hart* v. *Boyt*, 54 Miss. 547.

It is not necessary that the new promise should be endorsed upon the original instrument, nor that it should be made for the *purpose* of saving the bar. It is sufficient if made in writing and signed by the debtor. Here the promise was to pay the balance on the note, and it is shown that there was only one note. If this letter itself did not identify the debt, the allusion to it was so strong that, in the absence of rebutting evidence, the conclusion must be that it refers to this note. See *Brown* v. *Bank*, 10 Ark. (5 Eng.) 134; *Farrell* v. *Palmer*, 36 Cal. 192; *Carr* v. *Harrison*, 31 Mo. 264; *Hale* v. *Hale*, 4 Humph. (Tenn.) 184.

It is not essential that this new promise shall specify the amount of the debt. *Conway* v. *Reyburn*, 22 Ark. 291; *Hazlebaker* v. *Reeves*, 12 Penn. St. 264; *Peterson* v. *Ellicott*, 9 Md. 62; *Ditch* v. *Vallhardt*, 82 Ill. 134; *Davis* v. *Herring*, 6 Mo. 21.

The cases relied on by opposite counsel are distinguishable from this. Particularly is this true of *Trustees* v. *Gilman*, 55 Miss. 148,

which is a type of all the others. There the debt was an open account, and the amount was wholly uncertain. Here the promise was to pay a definite sum, namely, the *balance due on a note.*

*Clayton & Anderson,* for appellee.

In the case of *Hart* v. *Boyt,* 54 Miss. 547, relied on by opposite counsel, and in *Bowman* v. *Paine,* 64 Ib. 99, the new promise was written on the original instrument, and the object was to prevent the operation of the statute of limitations. Those cases form a class by themselves.

Here it is evident that the note written by Kinard, Sr., was never thought of as a new promise. Less definiteness is required where the object is to renew. *Trustees* v. *Gilman,* 55 Miss. 148.

Where there is an intention to make a new promise everything must be stated in the writing which is necessary to save the bar.

"The writing, to have the effect of a new promise or of a waiver of the statute, must identify the debt to which it relates with such definiteness as to the amount due and the credits, that nothing important is left open to further testimony." Ib.

In order to make this writing good, parol testimony must be received to show that there was only one note, and then it would be necessary further to show the amount due. To supply all this by parol would open the door to the frauds the statute was intended to prevent.

COOPER, J., delivered the opinion of the court.

W. J. Kinard, Sr., on the 15th of March, 1881, executed his note for the sum of $160, payable on the 1st day of June next thereafter to J. W. Brown, county treasurer of Itawamba county, or his successor in office, and, to secure the same, executed a deed of trust upon the lands described in complainant's bill. In July, 1887, Kinard, Sr., conveyed the lands to his son, W. J. Kinard, Jr. In November, 1887, Heflin, the successor in office of Brown, caused the lands to be advertised for sale by the trustee for the payment of said note; and thereupon Kinard, Jr., exhibited this bill to enjoin the sale, upon the ground that the debt secured was barred by limitation. The defendant answered, setting up a new promise

in writing by Kinard, Sr., made in March, 1884, to one Wiygul, then county treasurer, to pay the note.

The case turns upon the sufficiency of this new promise to prevent the bar of the statute of limitations. The evidence shows that on or about the 20th of March, 1884, Kinard sent by one Cayce the sum of $25 to Wiygul, to be credited on the note in controversy, and at the same time wrote to him a letter, which has been lost or destroyed. Cayce was examined as a witness, and testified that Kinard read the letter to him, and that its contents were substantially as follows: "Inclosed I hand you $25.00, which you will credit on my note in the county treasury. I will come down some time soon and pay you the balance of the note." The witness states it may be possible the words used were, "I will try to come down soon and pay the balance of the note," but to the best of his recollection the words were, "I will come down soon," etc. Mr. Wiygul, the former treasurer, was examined as a witness, and he proved the receipt by him of the sum sent by Cayce on the 24th of March, 1884, and that he credited it on the note, which was the only note then held by the treasurer against Kinard, and that the contents of the letter was "about in these words: 'I will be down soon, and I will pay off the balance of the note.'" "I am not certain that these were the exact words of the letter, but it is the substance. He also said, 'Give me credit on the note for $25.'"

It is supposed by counsel that the cases of *Trustees* v. *Gilman*, 55 Miss. 148, and *Eckford* v. *Evans*, 56 Ib. 18, are decisive against the sufficiency of the new promise here proved. In this counsel are in error. In *Trustees* v. *Gilman*, the suit was upon an account stated, and assumpsit for rent due and for money loaned. The new promise relied upon was this writing: "To Board of Trustees, C. F. Institute, Canton, Miss.—Gents: It would suit my convenience to execute my note for balance due for rent payable Jan'y 1st, 1877. J. J. Gilman." This instrument was held insufficient because it failed to identify the debt referred to. The court said: "It mentions a balance due for rent, but does not state when, nor for what, nor to whom the rent accrued, nor what the balance

was.   To allow all these things to be proved by parol, would produce the evil, the statute requiring an acknowledgment or new promise in writing, to save the bar of the statute, was intended to prevent."

· In *Eckford* v. *Evans,* the writing relied on was this : "I wrote to Mr. McKnight about the first of the month to know how I should send the money, and have not heard from him.   I am going to Aberdeen to-morrow, and will send fifty dollars, which is all I can possibly spare at present," etc.   It was said by the court that this writing " does not refer to any particular indebtedness, nor, indeed, to any debt whatever, except inferentially.   .   This is not such written waiver or promise as is intended by the statute."

The decisions in these cases are not applicable to the facts disclosed in the present record.   The promise here was to pay the note held by the county treasurer against Kinard.   The note in evidence is proved to be the only one held by him against Kinard, and the amount due thereon was capable of being definitely and accurately ascertained by mere computation of interest and application of credits appearing on it.

It has never been held in this state that parol evidence is inadmissible to apply the writing to its subject, and, this being done here, there is no uncertainty as to what debt was meant by the writer.

*The decree is reversed, the injunction dissolved and bill dismissed.*