W. G. ALLEN, Adm'r, *v.* WALTER HILLMAN.

1. LIMITATION OF ACTIONS. *Claim against estate. Registration. Code* 1880, § 2062.

Allowance and registration of a claim against an estate will, under code 1880, § 2062, stop the running of the general statute of limitations, although the proof thereof does not, in all things, conform to the statutory requirements.

2. ESTATE. *Sale of lands to pay debts. Registration. Code* 1880, § 2047.

Notwithstanding the defective affidavit to a claim against an estate, if the clerk, in fact, allows and registers it, the creditor may, under code 1880, § 2047, apply for a sale of lands of the estate to pay debts.

3. LIMITATION OF ACTIONS. *Death of debtor. Grant of letters.*

The statute of limitations, once started to run, is not stopped by the death of the debtor; but, since the personal representative cannot be sued for six months after grant of letters, this time is not to be counted against the creditor.

4. SAME. *New promise. Insufficiency. Code* 1880, § 2688.

A letter from a debtor to his creditor, containing an acknowledgment of indebtedness, and expressing a hope and expectation of paying it, but which was not written to serve as an acknowledgment or new promise, and is not precise and definite as to the debt and its amount, will not be sufficient, under code 1880, § 2688, to stop the running of the statute of limitations.

FROM the chancery court of the first district of Hinds county.

HON. H. C. CONN, Chancellor.

Appellee, Hillman, claiming to be a creditor of Mrs. S. C. Banks, deceased, filed this petition, under code 1880, § 2047, against her administrator and heirs, seeking a sale of the lands of the estate to pay his debt. Mrs. Banks died in September, 1885, and letters of administration were granted in January, 1887, to appellee, Allen, and on February 22, 1887, notice to creditors to prove their claims was published. The claim of appellee was in the form of an open account for schooling of the daughters of the intestate, the items being mainly for tuition, books, etc., during a period of about fifteen years—from 1870 to June 23, 1885. The account showed some credits, both in money and farm products delivered by the intestate to appellee, the last of these credits being dated November 17, 1883. Whether these credit items were mere payments on the account, or, together with it, constituted a mutual and open current account, was much controverted on the trial; but the question is not deemed material, in view of the opinion of the court.

The account was presented for registration within the time prescribed, and was verified by appellant's affidavit " that the within account is true and correct, and that no part has been paid except what is credited." It did not, however, follow the language of § 2027 of the code of 1880, which provides that the voucher of a claim on open account shall be the account, with an oath indorsed thereon " that the account as stated is just and true, and that no part of the money stated to be due, or any security or any satisfaction for the same, has been received, except (if any) what is credited." The account was, however, allowed by the chancery clerk, and indorsed " Registered, Nov. 9, 1887," and was listed on the register of claims against the estate.

On June 10, 1889, after the personal assets had all been administered, and all the registered debts except his own had been paid, appellee filed this petition for a sale of the lands of the estate to pay his debt. The administrator and heirs answered, contending, among other things, that the account

was barred by the three-years' statute of limitations, and that the probate and registry of the account were based upon an insufficient affidavit, and could not avail either to stop the running of the statute of limitations, under code 1880, § 2062, or to entitle Hillman to petition for a sale of the lands under § 2047 of the code, which gives that right only to a creditor who " has procured his claim against the estate to be registered."

To meet the defense of the statute of limitations, the petitioner introduced numerous letters written by Mrs. Banks, the intestate, to him, which, it is contended, contained acknowledgments and new promises of payment that, under code 1880, § 2688, took the debt out of the operation of the statute. Many of these letters purported to be in reply to letters from Hillman, and consisted mainly of excuses for non-payment of the debt due to him, and about which he was writing to her; and they also asked indulgence, and gave assurances that she would do all in her power to pay. The amount of the debt is nowhere mentioned in the letters, nor do they mention or refer to any particular account or statement of it.

On final hearing, the chancery court held that the presentation and registration of the claim were sufficient to stop the running of the statute of limitations and to authorize Hillman to make application, under § 2047 of the code, for the sale of the lands to pay the debt. It further held that the cash items credited upon the account of Hillman did not render the account mutual, but that the items other than the cash items, chiefly farm products, the value of which appeared as credits on the account, constituted a cross-demand in favor of Mrs. Banks, and that the account became a mutual account at the date of the first cross-demand, which was in 1882, and that only so much of Hillman's account as accrued more than three years before that was barred. An account was stated in accordance with that opinion, and a final decree rendered in favor of Hillman. From this decree the

defendants have appealed, contending that the bill should have been dismissed; and the petitioner, Hillman, has prosecuted a cross-appeal, and assigns for error so much of the decree as disallowed the items of his account bearing date more than three years before the date of the first cross-demand.

Calhoon & Green, for appellants, Allen et al.

1. The affidavit for probate does not conform to § 2047 of the code, and does not make the claim prima facie a debt of the estate, and hence cannot be made the basis of impleading the administrator and heirs. The probate, being void, cannot serve as a voucher for the payment of the claim by the administrator. McWhorter v. Donald, 39 Miss., 779. Not being probated, its validity should be shown as in case of other claims. Sims v. Sims, 30 Ib., 333. Accordingly, the registration of this claim was not evidence of any liability of the estate, and no right against the estate could be predicated upon it.

The right of a creditor to apply for a sale of land under § 2047 is statutory, and is carefully confined to creditors who have procured their claims to be registered. Ales v. Plant, 61 Ib., 259.

The registration being insufficient, the statute of limitation never stopped. Code 1880, § 2062.

2. The account was barred by the three-years' statute. A simple calculation shows this, as three years from the date of the last item, June, 1885, is June, 1888, and adding six months more, during which the administrator could not be sued, the account became barred December, 1888, before the petition was filed. If the probate be effectual to stop the statute, all the items of the account bearing date three years and six months prior to the registration are barred, and the decree should be reversed for that reason. Even if the claim be a mutual current account, this result must follow.

3. The letters from Mrs. Banks cannot be construed into a

new promise or acknowledgment to save the bar of the statute. It does not appear from them that she even knew the amount Hillman was claiming. They are apologies for being unable to pay, rather than an acknowledgment of any part of the debt.

*D. Shelton*, for appellee, Hillman.

The presentation and registration of the account was sufficient, both to stop the running of the statute of limitations, and to entitle Hillman to apply for a sale of the lands. If the affidavit was defective, that might prevent the account being a voucher for the administrator. He might, in that case, assume the risk if he paid the account voluntarily, but its allowance and registration by the clerk served as notice to the administrator of the existence of the claim, and gave notice also to creditors of the condition of the estate as to debts, and all the purposes to be served by the registration are met. Notwithstanding a defective affidavit, if the claim be in fact allowed and registered, the bar of the statute is stopped, and the creditor may apply for a sale of the lands of the estate under § 2047.

No part of the account was barred. It was a mutual and open current account, and the bar could not, for that reason, attach during the life-time of Mrs. Banks, and after her death, and for six months after the grant of letters, no suit could have been brought on the account, and, therefore, the time intervening between the death and the expiration of the six months from the grant of letters is not to be counted.

The letters from Mrs. Banks to Hillman are evidence of a new or continuing contract, and, under § 2688 of the code, amount to an acknowledgment or new promise. This section means that an acknowledgment or promise *shall be* evidence of a continuing contract if made or contained in a writing signed by a party chargeable. The letters contain not only one, but many, acknowledgments of a continuing contract,

and they were written from time to time during the whole period of the account.

CAMPBELL, C. J., delivered the opinion of the court.

The demurrer to the petition was properly overruled, for the petitioner had "procured his claim against the estate to be registered," within the meaning of § 2047 of the code, which has regard to the fact of registration rather than the sufficiency of the proof of the claim to justify a voluntary payment of it by the personal representative of the estate.

Conceding the propositions contended for by the learned counsel for the appellant, Hillman, as to the character of the account, as being a "mutual and open current account" within § 2671 of the code, and that the statute of limitations began to run against it at the date of the last item credited to Mrs. Banks, which was November 17, 1883, it follows that all of the account accrued three years and six months before the registering of the claim, which stopped the running of the statute (Code, § 2062), was barred, unless the death of Mrs. B. in September, 1885, interrupted the running of time against the claim, or unless the claim was saved by a new promise or acknowledgment. It is settled that death, after the statute of limitation commences to run on a cause of action does not stop it, and time continues to be counted notwithstanding the lapse of an interval of greater or less duration, after the death and before the appointment of a personal representative of the decedent. *Abbott* v. *McElroy,* 10 Smed. & M., 100; *Byrd* v. *Byrd,* 28 Miss., 144.

Section 2683 of the code provides for the contingency of death during the last year of the time required to bar a claim, and, in that case, adds a period equal to the portion of the last year expired before the death. It is admitted by Hillman's counsel not to be applicable here. The death of Mrs. Banks did not interrupt the running of time against the claim of Hillman, and the bar was complete in three years; and this period expired before letters of administration were granted.

So much of Hillman's account as accrued within three years and six months of the date of registering his claim is not barred, because, as he could not sue for six months after grant of administration, that time is not to be counted against him. We think the presentation of his claim, and having it registered as required by law, was sufficient to stop the running of the three years' statute, without regard to the sufficiency or insufficiency of the proof of the claim necessary to make it a voucher to the administrator.

The "register of claims" provided for by § 1822 of the code, is intended to show all claims proved and allowed against any estate, so that the administrator or executor, distributees or legatees, or heirs or devisees, creditors, and the court, in fact all concerned, may have opportunity to know what claims are made against the estate. In order to secure this exhibit, " all claims against the estate of a deceased person, whether due or not, shall be registered," etc., or be barred. Code, § 2028. As it is made compulsory to present and have registered all claims, under penalty of loss, if this be not done, presentation and registration of a claim is made to stop the running of the general statute of limitations, and also gives the claimant the right to apply to the court, as provided by § 2047 of the code. As said above, it is the fact of presentation of the claim and having it registered, to which the statutes refer in § 2047 and § 2062. The clerk "may allow and register claims" (Code, § 1814), and it will not do to hold that the allowance and registering a claim go for nothing because of some want of conformity in the proof of the claim to the requirement of the statute. Whether the proof of the claim be sufficient to make it a voucher to the personal representative or not, if the claim is allowed and registered, the object of the statutes as to registration and its effect is accomplished.

The only remaining question is, do the letters of Mrs. Banks in evidence take the case out of the operation of the statute of limitations ? This question must be answered in

the negative, in view of the several adjudications with reference to this subject.

While the letters show an acknowledgment of indebtedness by the writer to Hillman, they were not written to serve as an acknowledgment or promise of a debt in order to prevent the bar of the statute, and are not sufficiently precise and definite as to debt and amount to have that effect under the established rule.

Only so much of the account of Hillman as bears date within three years and six months prior to the date of registering the claim is recoverable upon this record, and for that he is entitled to a decree.

*Reversed, and decree here. The costs of the appeal will be taxed against Hillman, and the costs of the court below against the other parties.*