PHILP *v.* HICKS.

[73 South. 610—76. South. 931, Division B.]

1. LIMITATION OF ACTIONS. *What law governs.*
   The statute of limitations of this state controls where suit is brought in this state upon a promissory note made in Ontario, Canada.

2. LIMITATION OF ACTIONS. *Acknowledgment of debt.*
   In order to take a case out of the statute of limitations, an express acknowledgment of the debt as a debt due at that time, or an express promise to pay it, is necessary.

3. LIMITATION OF ACTIONS. *Acknowledgment of debt. Admission to procure compromises.*

An admission contained in a writing the purpose of which is to procure a compromise of a barred demand, does not operate as an acknowledgment of the debt so as to remove the bar of the statute.

4. LIMITATION OF ACTIONS. *Acknowledgment of debt. Certainty and definiteness.*

Where a debtor whose debt had become barred by limitation wrote a letter stating that the note had been brought to his attention and had thought it had been paid, and continuing "but as I noted that the note has not been stamped with any cancellation stamp same certainly must still be unpaid" and offering to settle for a lump sum such letter was not sufficient to remove the bar of the statute, since there was no express and definite acknowledgment of the debt nor any express promise to pay it.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.
Suit by Dr. A. A. Hicks against R. M. Philp on suggestion of error.

*Wiley P. Harris,* for appellant.

At the outset, the court's attention is especially called to the consideration of the following facts.: 1st, that this cause of action accrued in a foreign country; 2nd, that the defendant, Philp, was in that country, and subject to suit, fully ten months after the cause of action accrued; 3rd, that the right of action upon the note in question was barred by the laws of that country more than three and a half years before the filing of this suit. Chapter 75, Revised Statutes of Ontario. 4th, that the defendant was a citizen of this state when suit was brought. See plaintiff's declaration, p. 2 of record; therefore the laws of this state must govern, under the facts of this case; 5th, that under the laws of this state the note was barred three and a half years before the filing of this suit—nine and a half years having elapsed since the cause of action accrued. Revised Statutes of Ontario, chapter 75; *Wright* v. *Mordaunt,*

77 Miss. 537; *Davidson v. Morris,* 5 S.. & M. (Miss.)
564; *Smith* v. *Moreland,* 12 S. & M. (Miss.) 663; *Crane*
v. *French,* 38 Miss. 532.

With the authorities about evenly divided on the
question as to the identity of the particular debt neces-
sary to be contained in the writing, our court has gone
to the extreme view, in requiring the writing to be pre-
cise and definite as to the particular debt and the amount
due.   *Trustees, etc.* v. *Gilman,* 55 Miss. 148; *Eckford*
v. *Evans,* 56 Miss. 18; *Fletcher* v. *Gillan,* 62 Miss. 8;
*Stevenson* v. *Morris,* 69 Miss. 232.

These decisions announce a rule which is far more
exacting than that required by the weight of authority
and clearly indicate that our court will not indulge a
doubtful or uncertain acknowledgment as being suffi-
cient evidence of a new or continuing contract to re-
vive an outlawed demand.

The general rule as to the sufficiency of such an
acknowledgment may be stated as follows: An acknowl-
edgment in order to take a. case out of the operation of
the statute of limitations, must be an express, direct,
unequivocal, unconditional admission that the obligation
is a present, subsisting debt, for which the party making
the acknowledgment is then liable and willing to pay.
*Koop* v. *Cook,* 135 Pac. 317; *Hansen* v. *Towle,* 19 Kan.
273, at page 281; *Powell* v. *Petch,* 136 Pac. 55; *Con-
necticut T. & S. Co.* v. *Weade,* 172 N. Y. 497; *Hamilton*
v. *Beaubin,* 142 Pac. 245; *Wolfe* v. *Flemings,* 23 N. C.
290; *Davidson* v. *Morris, supra.*

A writing which is no more consistent with the claim
that an acknowledgment was intended, than with the
claim that it was not, or if the expression leave no
certain conclusion but at best a probable inference,
which may affect different minds in different ways, it
is not sufficient evidence to revive a cause of action
previously barred.   *Bell* v. *Morrison,* 1 Pet. U. S. 351;
*Heyton* v. *Cooper,* 65 Kan. 359; *Weaver* v. *Weaver,*

54 Pa. 152; *Chambers* v. *Garland* 3 Greens Rpts. (Iowa) 322.

An admission contained in a writing, the purpose of which is to procure a compromise of a barred demand, does not operate as an acknowledgment of the debt so as to remove the statutory bar. *Pools' ex'r* v. *Rolfe et al.,* 23 Ala. 701; *Weston* v. *Hodgkins,* 136 Mass. 326; *Chambers* v. *Garland,* 3 Greens Rpts. (Iowa), 322; *Atwood* v. *Cobrun,* 4 N. H. 315; *Cross* v. *Conner,* 14 Vt. 394; *Connecticut T. & S. Co.* v. *Weade,* 172 N. Y. 497; *Wolfe* v. *Flemings,* 23 N. C. 290; *Bates Adm.* v. *Bates,* 33 Ala. 102; *Mumford* v. *Freeman,* 8 Metcalf 432.

As authorities in support of appellant's contention in this case, and to be considered along with those herein cited, I refer the court to the following: *Moore* v. *Bank of Columbia,* 8 Law Ed. U. S. Rpts. 329; *Bell* v. *Rowland,* 3 Am. Dec. 729; *Holladay* v. *Weeks,* 127 Mich. 363; *Marcum* v. *Terry,* 142 S. W. 209; *Martin & Co.* v. *Edwards,* 55 Iowa 374; *Wood* v. *Merriett,* 71 Pac. 579; *Kelly* v. *Strouse,* 43 S. E. 280; *Morgan* v. *Walton,* 4 Barr. (Pa.) 321; *Shepheard* v. *Thompson,* 30 Law Ed. U. S. Rpts. 1156. *Trustees, etc.* v. *Gilman,* 55 Miss. 148; *Allen* v. *Hillman,* 69 Miss. 225.

The true principal upon which statutes of limitations are founded, is to compel the settlement of claims, within a reasonable period after their origin, while evidence is fresh in the minds of the parties and witnesses, and not upon the presumption of payment or releases arising from the lapse of time. "Wood on Limitations, sec. 5; *Shepheard* v. *Thompson,* 30 Law Ed. U. S. Rep. 1156; *Bell* v. *Morrison,* 1 Pet. U. S. Rep. 351. As stated in the case of *Ayers* v. *Richardson, supra;* "The statute presupposes the debt to have been due, and that there is no evidence that it has been paid. It would be absurd to say that a new promise shall be implied by the bare admission of the party of what the law supposes to be true."

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellee.

A perfect answer to appellant's pleas of the statute of limitations. The written acknowledgment of the debt.

It being an admitted fact that defendant left Ontario less than ten months after the maturity of the note sued upon, and before an action on the note there would have been barred, no defense can be based on the laws of that province. The sole purpose and effect of our statute, Code 1806, sec. 3114, by which alone the statute of limitations of another state or country, can be pleaded in this state, are to give a defendant sued here the benefit of a bar complete elsewhere. *Wright* v. *Mordant,* 77 Miss. 537, 27 So. Rep. 640.

The cause of action on the note not having been barred by the laws of Ontario when defendant left that province, the laws thereof do not bar the suit in this state, and this being true, we have only to inquire if the written acknowledgment of the debt, about to be mentioned, prevents the cause of action from being barred under the statutes of this state.

The claim of distinguished counsel for appellant that the acknowledgment of the debt is ineffectual because of the enquiry in the letter, "what will you take for a settlement in a lump sum?", is without merit, and for two reasons:-

FIRST: The acknowledgment of the debt was the admission of a particular fact, independent of any offer to pay that may be implied from the enquiry. There is no statement in the letter containing the acknowledgment that the same was confidential, nor that it was made or written without prejudice. It contains no offer of a sum of money to buy peace. There was no treaty pending between the parties when the letter was written for a compromise, but the same was voluntarily written by defendant; and the implied offer to pay was wholly voluntary and unsolicited. Two deci-

sions of this court are controlling. *Grubbs* v. *Nye,* 13 Smed. & M. (21 Miss.), 443; *Garner* v. *Myrick,* 30 Miss. 448.

The acknowledgment contained in the letter is both separable and separated from the enquiry therein written. 16 Cyc. 950, and notes; see, also, 25 Cyc. 1325, especially p. 1327; 1 Ency. of Evidence, 599 and notes.

The judgment should be affirmed, irrespective of the acknowledgment of the debt, because, as we have herein before shown, appellant did not make out a defense; he did not make it out either under the Ontario or Mississippi statute. *Smith-Frazier Boat Co.* v. *White, supra.*

Answering appellant's brief touching the acknowledgment of the debt, ingenius counsel for the appellant fails to give significance to the fact that out statute, Mississippi Code, 1906, sec. 3118, relating to acknowledgments and new promises, embraces two separate things, acknowledgments and new promises. Counsel very ingenuously and ably contends that an express assumption of the debt is an essential element of an acknowledgment of it. This is to confuse an acknowledgment with a new promise. It may, perhaps, be said that a new promise failing to evidence an intent on the part of the promisor to pay the old debt, is sufficient, because a sufficient new promise would necessarily evidence an intent to pay. The new promise of the statute is a promise to pay the old debt.

It is different, however, with an acknowledgment made by the statute, a complete and perfect answer to the statute of limitations. An intent to pay is not an essential of an acknowledgment of a debt. Would this court for one moment allow a promisor who had in writing fully and unequivocally acknowledged an old debt to testify that at the time he executed the written acknowledgment he had no intent to pay or that it was his intent not to pay? Surely not.

The authorities cited by opposing counsel are no doubt the decisions of courts of states wherein only a new promise will take a debt out of the statute of limitations. If our statute had omitted an acknowledgment of a debt and had provided only that a new promise was required to prevent the bar of limitation, an acknowledgment which in no way evidenced an intent to pay would probably be insufficient, for the reason that it would not be a good new promise. The Mississippi Cases, *Grubbs* v. *Nye* and *Garner* v. *Myrick,* herein before cited, are, we think conclusive of the case.

COOK, P. J., delivered the opinion of the court.

This case was affirmed on a former day of this term without opinion, and is again brought to our attention on suggestion of error.

Suit was begun in the court of a justice of the peace on the following promissory note:

"Chatham, Ont., Sept. 17th, 1904. Due Jan. 4. $75.00. On 1st. Jan., 1905, after date I promise to pay to the order of A. A. Hicks at the Merchants' Bank of Canada here the sum of seventy-five dollars. Value received. R. M. Philp."

The justice of the peace rendered a judgment against the plaintiff, and an appeal was taken to the circuit court, where the finding was for the plaintiff and defendant appealed to this court. In the circuit court the record discloses that the case was tried by the judge without a jury. In addition to the note and indorsements thereon, the following letter, signed by defendant, was introduced in evidence:

"Jackson, Miss., Dec. 6, 1912. Dr. A. A. Hicks, Chatham, Ont.—Dear Sir: I received a call from atty. J. H. Thompson of this city, *re* a one hundred and twenty seven dollar debt which you hold against me. This acct. is a bit late in being presented, as I have been under the impression same had been paid long ago, but

as I noted that the note for seventy-five has not been stamped with any cancellation stamp, same certainly must still be unpaid.

"As I do not want you to lose any of this amount, what will you take for a settlement in a lump sum.  .   .  .

"I will look for a reply from you within a few days and I trust that this matter will be closed up within a short while."

It will be noted that the note was due on January 1, 1905, and that this suit was begun on the 10th day of August, 1914, in the justice court.

It seems that plaintiff contended that the statutes of the province of Ontario, Canade, would control in determining whether or not the claim was barred by the statute of limitations, while the defendant claimed that the statutes of the forum are controlling.

We agree with the defendant that the statutes of this state furnish the rule, but we believe that this record shows that the claim was barred by the statutes of both jurisdictions, and that the action was barred here unless the letter written by the defendant removed the bar.

Our first impression was that the letter acknowledged the indebtedness; but, when the suggestion of error was filed, a more careful examination of the law books and a more thorough analysis of the letter caused us to seriously doubt the correctness of our former judgment, and we therefore asked counsel for appellees to file further briefs in response to the suggestion of error, but they declined to do so, believing as they did that they had exhausted the subject in their original brief, which is probably true. So, the question is: Was the letter written "to serve as an acknowledgment, or promise of a debt in order to prevent the bar of the statute?" *Allen* v. *Hillman,* 69 Miss. 225, 13 So. 871. Is the letter sufficiently precise and definite as to the debt and amount to have the effect under the established rule?

In the early days, our high court of errors and appeals definitely defined the purpose and policy of our statutes of limitation. It was held then that they were "acts of quiet and repose," and the court pointed out the fact that these acts were designed to discourage law-suits, and said, "The law is created for the watchful and not for the negligent." *Davidson* v. *Morris,* 5 Smedes & M. 571.

In this case the court announced the rule to be "in order to take a case out of the statute of limitations, an express acknowledgment of the debt, as a debt due at that time or an express promise to pay it." Test-ed by this time-honored rule, was it intended by the writer of the letter to expressly acknowledge the debt as due at the time?

An admission contained in a writing, the purpose of which is to procure a compromise of a barred demand, does not operate as an acknowledgment of the debt so as to remove the bar of the statute. *Pool's Ex'r* v. *Relfe,* 23 Ala. 701.

It is reasonably clear that Mr. Philp wrote the letter for the purpose of compromise. It is true that he said that the note must not have been paid. However, this is not all of the letter. The writer stated that he was under the impression that the note was paid long since, but since the note was not stamped paid he deduced that he may have been wrong in his impressions. It seems, therefore, if we assume that the writer was frank, he believed that the note had been paid, but, as it appeared that the note had not been stamped paid he could not claim that he had paid it. In other words, the evidence seemed to be against the correctness of his recollection. The courts of the several states have adopted different rules of construction for their statutes of limitation, but our court has uniformly held that, in order to remove the bar of the statute, the acknow-ledgment of the debt and the promise to pay must be definite and unequivocal.

We now believe that the letter relied on in this case does not come up to the mark, and must be taken as a frank letter from one friend to another expressing surprise that the note had not been paid, but admitting that the circumstances were against his recollection, and for this reason he inquired of his friend what it would take to settle the matter. Stated in another way, he admitted that the evidence warranted a compromise. There was no express and definite acknowledgment of the debt, and it is not claimed that there was an express promise to pay.

If we have correctly interpreted the writing, it seems to logically follow that the confessedly barred claim has not been acknowledged, and the learned circuit court was in error; and, also, that this court was in error when it affirmed the judgment of the trial court.

The suggestion of error is sustained, the judgment below is reversed, and the cause is dismissed.

*Reversed and dismissed.*