EDWARD THOMPSON CO. *v.* FOY.

[76 South. 675, Division A.]

1. LIMITATION OF ACTIONS. *New contract. Correspondence.*
   Where the purchaser of law books from a publishing company neglected to execute the installment notes therefor and some time thereafter wrote the publishing company, suggested that it make the purchase notes payable in installments of five dollars and ten dollars which was an alteration of the original agreement, and the publishing company accepted this proposition, this correspondence between the parties constituted a new written contract made and accepted by both parties, and the six year statute of limitations must be applied to such last contract.

2. CONTRACTS. *Offer. Signing on typewriter.*
   A letter constituting a contractual offer signed on a typewriter, is valid and binding on the signer, if he wrote it and signed it on the typewriter, or authorized that to be done.

3. SALE. *Signing or authorizing letter. Question of fact. Modification.*
   Under the facts as set out in its opinion in this case the court held that the letter constituting a contractual offer purporting to be signed by the buyer on a typewriter, was *prima-facie* evidence of his having written or authorized it, and his dispute of this fact raised a question of fact that should have been submitted to the jury.

APPEAL from the circuit court of Newton county.

HON. J. D. CARR, Judge.

Suit by the Edward Thompson Company against Mr. P. Foy. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Shannon & Schauber,* for appellant.

We submit that the letter dated January 25, 1909, and the reply to it dated February 3, 1909, form a complete written contract, all of the terms being contained therein, and we do not think under any view of the case, that any of the installments that became due and payable after October 5, 1909, would be barred.

The mere fact that the appellee did not execute his notes does not bring the quarterly installments within the six years statute of limitations. The principle involved is similar to the one approved of by this court in the case of *Washington* v. *Soria,* 73 Miss. 665; *Cock* v. *Abernathy,* 77 Miss. Rep. 872; *Fowlers* v. *Lea,* 84 Miss. 409; *Masonic Benefit Association* v. *First State Bank,* 55 So. 408.

If, however, the authenticity of the letter containing appellee's name, and dated January 25, 1909, is not admitted, we respectfully submit that whether this letter was written by the appellee or not is an issue of fact that should have been submitted to a jury under proper instructions from the court.

The testimony taken as a whole shows that appellee signed the original order, and even if it were altered by appellant's salesman, which was not proven nor admitted, the order was accepted by appellant, and the books shipped out and received by appellee, and were in his possession at the time they were destroyed in 1911. From the time of the execution of the contract on November 17, 1907, until the claim was placed in the hands of attorneys by appellant on October 27, 1909, appellant

115 Miss.—54

wrote appellee fifteen letters or more, all of which related to the sale of these books and many of them referred to former letters written by appellant to appellee. all of which letters were sealed and mailed, postage prepaid, properly addressed, to the appellee. That these letters were received by the appellee, even though the receipt of them be denied by him, is a question of fact that should have been passed upon by a jury, although the defendant admits that he received certain of the letters and states that he does not remember whether he received other of them or not, but does deny receiving some of the letters. As to the letters introduced by appellee, which he received in the due course of mail, and which had the appellee's name signed to them, we think that even if the appellee had denied that he wrote all of those letters, and had denied that he authorized no one to write all of the letters, still this question of fact should have been submitted to a jury under the circumstances of the case.

In the case of *Braham* v. *Bank of Delight,* decided by the supreme court of Arkansas, and reported in 126 S. W. 394, 27 L. R. A. (N. S.) page 439, the court says: As a general rule, a letter that is offered in evidence must be authenticated by proving the genuineness of the signature of the writer. But when a letter is received in the due course of mail, and purports to be in answer to a letter that was previously duly addressed and mailed, the presumption arises that such letter is the genuine instrument of the purported writer; it is then sufficiently authenticated to go to the jury; and, upon its genuineness being denied, it then becomes a question of fact for the jury to determine as to whether the letter is genuine or not. 3 Wigmore, Ev., 2153; *Lancaster* v. *Ames,* 103. Me. 87, 17 L. R. A. (N. S.) 229; 125 Am. St. Rep. 286; 68 Atl. 333; *Lancaster* v. *Ames,* decided by the Maine supreme court and reported in 103 Maine, 87, 68 Atl., page 333, 17 L. R. A. (N. S.) page 229.

The court will not presume that some stranger surreptitiously, or otherwise, got possession of the original letter and answered it, but will presume that such answer is the letter of the one whose name is signed to it, and will admit such reply letter in evidence without proving that it is in the handwriting of the party purporting to have sent it. *White* v. *Tolliver*, 100 Ala. 300, 20 So. 97; *Chicago, B. & Q. R. Co.* v. *Roberts*, 49 Pac. 428; *Scofield* v. *Parlin & Q. Co.*, 61 Fed. Rep. 804.

*Byrd & Byrd*, for appellee.

There was no sale of these books; there never was a meeting of the minds of the contracting parties. The books when destroyed, were the property of appellant, and even if there had been a meeting of the minds of the contracting parties and a complete sale, then appellant's claim is barred by the statute of limitations, and we respectfully submit that in any view of the matter this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This in an appeal from the circuit court of Newton county, where the appellant, Edward Thompson Company, sued the appellee, M. P. Foy, attorney, for two hundred and seventy dollars, the purchase price of a set of law books. After the conclusion of the testimony introduced by the plaintiff, a peremptory instruction was granted to the appellee, Foy, from which action of the court this appeal is prosecuted here.

It appears that in November, 1907, the appellee, Foy, at Decatur, Miss., gave his written order to a salesman of the Thompson Company for a set of the second edition of the American & English Encyclopædia of Law, for which he agreed to pay the sum of two hundred and seventy dollars. The order was promptly accepted, and the books shipped to appellee at Decatur and were duly

received by him. A few days thereafter the Thompson Company wrote appellee a letter and inclosed twenty-two notes, to be signed by him and returned, covering the amount of the purchase, according to the terms of the written order signed and delivered to the salesman; but appellee failed to sign and return these notes. Subsequently appellee wrote the Thompson Company that he had been absent from his office and sick, which had caused his delay concerning the notes for the books purchased. In this letter appellee requested, as a personal favor, that appellant change the notes so that they would fall due at a different time and for different amounts. Appellant, Thompson Company, refused to make the change requested at this time. On January 20, 1909, appellant again wrote appellee, requesting settlement for the books, and, in reply to this letter from appellant to appellee, appellee on January 25, 1909, wrote a letter to appellant, Thompson Company, which was written on the stationery of the law firm of Foy & Banks, of which appellee was a member, in which letter the question of the terms of payment of the contract were discussed, and appellee wrote that:

"This is now the only difference between us. If you are ready to make the installments five dollars and ten dollars, as I understood the contract to be, I am ready to pay off the past-due installments and take care of future installments as they may become due."

Both of the above letters were signed "M. P. Foy" with the typewriter. On February 3, 1909, appellant, Thompson Company, wrote appellee, accepting his offer of January 25, 1909, and making all installments five dollars and ten dollars, as mentioned in appellee's letter. In accordance with this proposition, made by appellee, Foy, and accepted by appellant, Thompson Company, the Thompson Company forwarded the notes to appellee, to be executed and returned to appellant; but appellee failed to execute these notes, and there the

matter rested until October, 1909, when appellant placed the claim in the hands of an attorney for collection. This attorney did not make the collection, but held the claim in his hands until October, 1911. In the meantime the appellee wrote to appellant, in which letter he stated:

"You will please be quiet about the amount due the company until we get straight in the office again after a long absence. As soon as we are able, we will meet this."

But appellee did nothing further. The claim was then turned over to other attorneys for collection, all of whom did nothing with it. Finally, on October 5, 1915, this suit was filed in the circuit court of Newton county. Appellee, Foy, appeared and filed a plea of general issue and two special pleas, setting up the statutes of limitation of three years and six years.

It is unnecessary for us to discuss or consider what took place between the parties to this controversy prior to February 3, 1909, the date of acceptance by appellant of the terms of the contract proposed in the letter of January 25, 1909, by appellee, Foy, to the appellant. This correspondence constituted a written contract, made, accepted, and entered into by both parties with reference to the purchase of the books here in question. This being the written contract of that date, made and entered into by both parties, the statute of limitation of six years must be applied accordingly, and the amount of two hundred and fifteen dollars, which appears to be due by the appellee, Foy, to the appellant, Thompson Company, under this contract, within the six years prior to the date of filing of this suit, is not barred by the statute of limitations.

So far as the letter written by the appellee, Foy, being signed on the typewriter is in question, such letter is valid and binding on appellee, if he wrote it and signed it on the typewriter, or authorized it to be done. It

does not appear conclusively in the record that he did not write and sign the letter, or did not authorize it to be done. Under the facts and circumstances, in connection with the whole transaction in this case, this letter, apparently written by appellee in answer to appellant's letter of January 20, 1909, is at least *prima-facie* evidence of his having written or authorized it; and his dispute of this fact raises a question of fact to be submitted to a jury. He proposed and named the terms of the purchase in his letter, which terms were accepted by the appellant, Thompson Company, and Foy having received and retained the books, which he has not paid for, it was error of the lower court to grant a peremptory instruction in favor of appellee.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*