## Taylor v. De Soto Lumber Co.*

(In Banc. Dec. 22, 1924. Suggestions of Error Overruled. March 2, 1925.)

[102 So. 260.　No. 24569.]

1. TRIAL. *Direction of particular verdict improper, when one to contrary be justified by evidence..*

    The trial court should not direct the jury to return a particular verdict when one to the contrary will be justified by the evidence.

2. LIMITATION OF ACTIONS. *"Acknowledgment" or promise that will save bar of statute of limitations described.*

    An acknowledgment or promise that will save the bar of the statute of limitations must identify the debt, and acknowledge or promise to pay a definite amount, unless the debt is evidenced by a written instrument from which the amount due thereon can be ascertained by calculation, in which event the amount due need not be stated in the acknowledgment or new promise.

3. LIMITATION OF ACTIONS. *Debtor's statement held not acknowledgment or promise such as would save bar of statute.*

    In response to a request by the debtor therefor, the creditor mailed to the debtor a statement of his account with the creditor, and in response thereto the debtor wrote the creditor as follows: "Enclosed find check for one thousand dollars, part payment of account. Will take care of balance a little later." This was not such an acknowledgment of or promise to pay the debt as will save the bar of the statute of limitations.

    ANDERSON and COOK, JJ., dissenting.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Action by the De Soto Lumber Company against Hal Taylor. From judgment for plaintiff, defendant appeals. Reversed and dismissed.

(In Banc. On Suggestion of Error. March 2, 1925.)

TRIAL. *Trial court should not direct verdict when one to contrary will be justified by evidence.*

The trial court should not direct the jury to return a particular verdict when one to the contrary will be justified by the evidence.

830  Taylor *v*. De Soto Lbr. Co.  [Sup. Ct.

Brief for Appellant.   [137 Miss.

On suggestion of error. Former opinion modified, and suggestion of error overruled.

For former opinion, see 102 So. 260.

*Mack & Manship,* for appellant.

The court below committed error, first, in allowing the plaintiff to file a copy of the account taken from the books as an exhibit to his testimony and in giving a peremptory instruction for the plaintiff, when the only evidence as to the correctness of the account was the statement of the plaintiff to the effect that the account was correct. Second, the court committed error in allowing the witness Mr. Adler, to testify, that the lumber was charged on the books to the defendant Hal Taylor. Third, the lower court committed error in giving a peremptory instruction for the full amount when plaintiff's testimony goes to show that a large part of the account was barred by the statute of limitation. Fourth, the court erred in giving a peremptory instruction to the plaintiff when the testimony showed that the defendant had not bought any lumber from the plaintiff and that the contractor, Eberhart had no authority from defendant to buy lumber from plaintiff and have same charged to defendant.

The account sued on is a very long itemized account amounting to the large sum of twenty-six hundred dollars and consisting of practically all of the lumber and material that went into the building of an expensive house. The only testimony introduced on behalf of the plaintiff was the testimony of James C. Adler, one of the partners of the De Soto Lumber Company, who did not bring his books with him and did not testify from his books but merely took a copy of the account taken from the books and introduced it into evidence, filing it as an exhibit to his testimony and stating that it was correct and that he knew it to be correct. It is held in *Moody* v. *Roberts,* 41 Miss. 74, that a copy of an account

proven by witness to be correctly transcribed from the books is not admissible as evidence. The defendant denied each and every item of the account and testified that the contractor was building several houses at Crenshaw at the time that he was building defendant's house and that as likely as not the lumber that had been shipped and charged to the defendant had been used by the contractor on the houses of other persons in the town of Crenshaw under instruction of contractor Eberhart. It was the defendant's contention that the account was the account of A. Eberhart and that in the first instance the account had been charged to Eberhart, and that if the books of Original Entry were introduced they would probably show that the account was in reality charged to the contractor, A. Eberhart, who had ordered the material. The court should not have allowed the witness Adler to testify over the objection of the defendant, that the lumber had been charged on the books to Mr. Hal Taylor, Crenshaw, Mississippi. This was objected to by the defendant on the ground that the books were the best evidence of this fact. However, the objection was overruled and the witness was allowed to testify that the lumber was charged on the books to Mr. Taylor, the defendant. This is manifestly error.

The evidence tends to show that the six hundred seven dollars and twenty-eight cents balance of the account was barred by the three-year statute of limitation, except the items of one hundred twenty dollars, fifty dollars on the account dated February 9, 1920, and May 3, 1920, respectively. The statute of limitation was pleaded by the defendant; from the plaintiff's own sworn account all of it was barred except the sum of one hundred seventy dollars, yet in spite of this fact the court gave the plaintiff a peremptory instruction for the sum of six hundred seven dollars and twenty-eight cents. It is true that the exhibit as filed by the witness Adler, as an exhibit to his testimony appears to show a different state of facts. An account is filed showing most of it to

be barred and another account showing a different state of facts. Surely on this conflicting state of fact a peremptory instruction should not have been given for the full amount. The court should have allowed the case to go to the jury on the question of the ratification of the unauthorized act of the contractor, Eberhart. The burden was upon the plaintiff to prove the ratification and adoption of the unauthorized act of Eberhart. The burden was upon them to prove by a preponderance of the evidence that Taylor accepted the debt as his debt with full knowledge of all of the facts and with the intention of assuming liability for the debt regardless of whether or not he would have to pay it to the De Soto Lumber Company over and above the contract price for the house. It would seem to us that it would require the very strongest of evidence to show that Taylor intended to assume Eberhart's debt, when he had paid Eberhart all that was coming to him. To conclude that Taylor ratified the unauthorized act of Eberhart in having the lumber charged to him is to conclude that he intentionally assumed the debt that was not his own and agreed to pay a debt for which he was not responsible. To conclude that he ratified the act of Eberhart in charging the lumber to him is to presume that he intentionally agreed to pay twice for the lumber when he was under no sort of legal or moral responsibility so to do. The evidence of ratification of such an act would have to be very strong indeed, even to carry the question to the jury, yet the court held in this case absolutely that Taylor had ratified the unauthorized act of Eberhart and had obligated himself to pay twice for this lumber even though he had not in any way authorized it to be charged to him and had even thought it was Eberhart's place to pay for it. The only evidence at all of ratification is the two letters written by the defendant, one in which he stated that the house was about completed and he desired to have a settlement with Mr. Eberhart and asked for a statement of the account. The other letter

being written five days after in which he stated that he enclosed check for one thousand dollars on the account and would take care of the balance a little later. His explanation of this letter is that Mr. Eberhart requested him to send them one thousand dollars and that he sent them the one thousand dollars to be taken out of the contract price of Mr. Eberhart and that he did expect to send them the balance to be taken out of the contract price but on having a settlement with Mr. Eberhart, found that Eberhart had overdrawn the amount of the contract price and that he had paid him the full contract price although the house was not quite completed. That he did not understand that the De Soto Lumber Company was looking to him personally for the account and that he understood that the account was Eberhart's account and that he only intended to pay the balance provided there was that much due to Eberhart. At the time these letters were written, all of the lumber and material had been shipped. These letters had nothing at all to do with the making of the bill. The plaintiff had according to its own testimony charged the lumber to Taylor without any sort of authority from him. All of the material had been shipped when the letter was written and the statement by Taylor to the effect that he would send the check, was purely a voluntary statement on his part. There was no consideration from the De Soto Lumber Company, nor did it prejudice them in any way.

Can it be said that there was no evidence that the act was not ratified? Taylor, himself, says that he did not ratify it. The defendant explained the letters and stated that he did not understand that he was to be held responsible for the lumber. His explanation of the letters may not have been satisfactory to the court but it was not the province of the court to pass upon the question of the reasonableness of his explanation. "Without full knowledge by the principal there is no ratification, *Meyer v. Baldwin,* 52 Miss. 263." 21 R. C.

L. 928-929; 31 Cyc. 1647, 1677; 2 S. & M. 193; *Williams* v. *Pullman Palace Car Co.,* 3 So. 636.

This case should either be reversed and judgment given for the defendant or it should be reversed and remanded.

*Rainwater & Stovall,* for appellee.

There is no question in this case of offering in evidence copies of accounts, proven by witnesses to have been correctly transcribed from the books. The question was asked Mr. James C. Adler twice as to his independent knowledge of the correctness of the account and his answer each time was, "Yes the account is correct." The exhibit to this witness's testimony, which counsel objected to being filed, was introduced and offered in evidence to show of what his independent knowledge consisted. It was not testified to by any one nor was the question asked concerning whether or not the exhibit was a true copy of the account transcribed from the books but the witness testified of his independent knowledge apart from any books that the items on the account were correct and that all the items shown on the exhibit were sold to Mr. Taylor and of this fact he had independent knowledge. In the case of Dyson v. Baker, 54 Miss. 25, it was held that the testimony of a clerk, in an action on an account, as to the general correctness of the plaintiff's mercantile books and that the account is a faithful transcript therefrom, is incompetent on the grounds that the books should be produced or their loss established; but the testimony of the clerk, of his personal knowledge, independent of the books, is competent. It really does not make any difference to whom the account was charged on the book as it was shown by the testimony of Mr. James C. Adler that credit was extended to Mr. Hal Taylor and that all material was shipped to Hal Taylor, Crenshaw, Mississippi. It is clear that Mr. James C. Adler had independent knowl-

edge of the fact the account was charged to Mr. Taylor because in Mr. Manship's cross examination of Mr. Adler the witness stated that his orders from Mr. Eberhart were to charge the material to Mr. Hal Taylor and further proof that Mr. Adler was correct is the testimony of Mr. Hal Taylor, himself, that Mr. Eberhart told him that the account was running in the name of G. T. Taylor & Sons and Mr. Hal Taylor was the son of G. T. Taylor.

It is our contention that the account nor any part of the same was barred by the statute of limitations and that those items which show that they have been running for more than three years have been taken out of the statute by the writing signed by Hal Taylor and G. T. Taylor & Son evidencing an acknowledgment of indebtedness and promise to pay. *Philp* v. *Hicks,* 73 So. (Miss.) 610. James C. Adler in the course of his testimony read a letter dated May 1, 1920, addressed to De Soto Lumber Company, Memphis, Tennessee, and signed by G. T. Taylor & Son by Hal Taylor. In this letter Mr. Taylor requested that De Soto Lumber Company send to him itemized statement of their account to date in full showing every transaction and ''on receipt of same we will mail you check to close the account.'' It is clearly shown here what account was meant and there is an unmistakable promise to pay the account, ''on receipt of same we will mail you check to cover the account.'' What account? Why the account he requested that the De Soto Lumber Company send to them and the request appearing in the same writing in which he promises to pay the account. Then we find that Mr. Adler testified that he sent Mr. Taylor a statement of his account in response to the letter just mentioned above showing a balance due of one thousand six hundred seventy dollars and twenty-eight cents. On May 3rd, Mr. Adler sent the statement on May 6th, the De Soto Lumber Company received a check from Hal Taylor and you will find the following letter: ''Enclosed find Ck for

one thousand dollars part payment on account. Will
take care of the balance a little later.'' Where could we
find a written statement which could be held to be more
of an acknowledgment of an indebtedness than this one
and also it is very clear that he promises to pay the
balance. You never find people paying one thousand
dollars on debts that are not due and promising to pay
the balance. It is unmistakable what debt he refers to
and as to the balance not being definitely specified that
is a matter of calculation. *Hart* v. *Boyt,* 54 Miss. 549.
''The amount due, is ordinarily, a mere matter of cal-
culation.'' There could be no clearer statements of an
acknowledgment of indebtedness and a promise to pay.

The court committed no error in holding as a matter
of law, that Taylor had ratified the acts of Eberhart in
charging the lumber to himself. Mr. Adler, witness for
plaintiff, testified that all the material was shipped to
Hal Taylor, Crenshaw, Mississippi, in the name of Hal
Taylor. It is not disputed that Eberhart was the con-
tractor who was building Hal Taylor's home in Cren-
shaw and Mr. Adler states that Mr. Eberhart ordered
the material in question to be shipped and charged to
Mr. Hal Taylor. We find that at the top of the original
estimate made out for Mr. Eberhart, of material which
will be necessary to go in the house, these words: ''For
A. Eberhart H. Taylor.'' There is nowhere in the record
a denial of the fact that this material was shipped
to Hal Taylor, Crenshaw, Mississippi. There is no-
where in the record a denial that Eberhart ordered this
material shipped to and charged to Hal Taylor and there
is nowhere in the record a denial of the fact that this
material was received and placed in the house of Hal
Taylor. On the other hand there is proof that the
material was shipped to Hal Taylor, Crenshaw, Missis-
sippi, by order of Eberhart, the contractor, that the
house was built for Hal Taylor. Mr. Taylor never at
any time contracted with the De Soto Lumber Company,
in person, for this material but it seems to us that there

can be no question about Mr. Taylor ratifying the con-
tract made between the De Soto Lumber Company and
Mr. Eberhart, the contractor.   Counsel argues that this
was a case for a jury and cites cases which hold that the
principal must have knowledge of the facts done and
whether or not he has such knowledge must be determined
by a jury.   That question does not arise in this case
because Mr. Taylor himself, testified that Mr. Eberhart
told him that the account was running in the name of G.
T. Taylor & Son (the son being Hal Taylor).   It makes
no difference what sort of a contract Mr. Taylor had
with Eberhart about the building of his house and that
does not in any way affect Mr. Taylor's act in ratifying
the acts of Eberhart.   Counsel cites *Meyer* v. *Baldwin,*
52 Miss. 263.   That fits this case exactly.   Mr. Taylor's
own testimony shows that he was informed that the
lumber which went in his home was purchased of De
Soto Lumber Company because Mr. Eberhart, the con-
tractor, told him that it was charged in the name of G.
T. Taylor & Son, and with this information in hand he
sent to the De Soto Lumber Company a check for one
thousand dollars and stated that he would pay the
balance a little later and signed Hal Taylor.   Therefore,
we contend that there was no question as to whether he
was informed of all the facts but his own testimony
shows that he knew of the transaction between the De
Soto Lumber Company and Eberhart and with those
facts in mind, Mr. Taylor ratified what Eberhart had
done.   Instead of writing De Soto Lumber Company that
it was not his debt but Mr. Eberhart's, he, Hal Taylor,
acknowledged that it was his debt by sending the check
for one thousand dollars part payment with the advice
that he would send the balance later.   Story on Agency,
pp. 318-319.

There is another well-known principle of law which
applies here and that is the acceptance of benefits.   This
material was shipped to Hal Taylor, his home erected
and he now lives in it, having contracted with Mr. Eber-

hart to construct the building. "It is an established principle of law that where a person acts for another, who accepts the fruits of his efforts, the latter must be deemed to have adopted the methods employed, as he may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the measures by which they were acquired." 21 R. C. L., sec. 3, p. 932.

The court below committed no error and this case should be affirmed.

*Mack & Manship,* in reply for appellant.

We will only make reply to that part of appellee's brief in reference to the contention of appellee that the letter of appellant served as an acknowledgment of the debt and a promise to pay that would take it out of the three-year statute of limitations. This letter is as follows: "Enclosed find check for one thousand dollars for payment on account, will take care of the balance a little later." We think the trial court committed error in holding that this letter conclusively performed the double service of ratifying the unauthorized act of Eberhart and serving, also, as a written acknowledgment for the debt as being his debt and a promise to pay same out of his own funds. The debt had already been contracted and there was no contractual relation between Taylor and the De Soto Lumber Company. This letter could not be taken as a sufficient writing upon which to charge the defendant, Hal Taylor for the debt of Eberhart. It is not sufficient to take the debt out of the statute of frauds for the reason that at the time it was written the debt had already been contracted and there was no consideration for any promise to take care of the balance. Such statement was merely a voluntary statement on his part without any consideration whatever. There must be a consideration of such a promise in order for it to be binding. 25 R. C. L. 494.

We think the question as to whether or not a part of the debt was barred should have been for the jury to decide.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the appellant for goods sold and delivered. At the close of the evidence the court below directed the jury to return a verdict for the appellee, and, from a judgment in accordance with the verdict so returned the appellant has brought the case to this court.

In addition to the general issue the appellant pleaded the three-year statute of limitations (section 3099, Code of 1906; Hemingway's Code, section 2463), on which plea the appellee joined issue. To maintain the issue on its part, the appellant introduced one of its members who stated in substance that he knew of his own knowledge that each item of the account sued on had been sold and delivered to the appellant. That one Eberhard, who it is admitted had entered into a contract to construct a house for the appellant at Crenshaw, Miss., at a stipulated price, under which contract he was to furnish all of the material therefor, purchased certain building material which constitutes the account sued on from the appellee at Memphis, Tenn., and directed it to charge and ship same to Taylor at Crenshaw, which accordingly was done. That on May 1, 1920, the appellee received the following letter from Taylor:

"My new house is just about completed, and the time is growing near for a settlement between Mr. A. Eberhard and us. Will you please mail us at once an itemized statement of our account to date in full showing every transaction—and on receipt of same we will mail you check to close the account. In the future please ship everything bought by Mr. Eberhard collect, so that we can finish as we go along."

In response to this letter the witness prepared a statement of which the account sued on is a duplicate, and mailed it to Taylor, showing a balance due on the account of one thousand six hundred seven dollars and twenty-eight cents. A few days thereafter the appellant received the following letter from Taylor dated May 6, 1920:

"Enclosed find check for one thousand dollars, part payment on account. Will take care of balance a little later."

The check referred to in this letter appears as a credit on the account sued on. There also appears thereon two other credits, one for freight, January 5, 1920, eighty-eight dollars and ninety-seven cents, and another for cash, January 9, 1920, seven hundred ninety-two dollars and seventy-five cents, but by whom these two payments were made does not appear. When suit was filed a large part of the account was barred by the three-year statute of limitations if the same is applicable thereto.

Eberhard did not testify, but the appellant himself did, and stated that he did not authorize Eberhard to purchase any material from the appellee for his, the appellant's, account, and that he did not know that Eberhard had done so until demand for the payment thereof was made on him by the appellee. He also stated that he did not authorize Eberhard to have the lumber shipped to him, and did not remember whether it was billed to him or not; that Eberhard unloaded it from the railroad cars in which it was shipped and that he, the appellant, did not pay the freight thereon, and did not know whether the material was received by Eberhard, or whether it was used by him in constructing the house. He also stated that the two letters written by him and the remittance contained in the second were at the request of Eberhard, and that he did not thereby intend to assume the payment of the account, or to ratify

Eberhard's action in having the material charged to him.

On this evidence it was for the jury to say whether or not the appellee authorized or ratified Eberhard's purchase of the material for his (the appellant's) account. Consequently the peremptory instruction requested by the appellee should not have been given.

The greater part of the account sued on was barred by the three-year statute of limitations, and the appellee is not entitled to recover therefor without reference to the authority *vel non* of Eberhard in purchasing the same on his credit. The contention of the appellee in this connection is that the second of the two letters hereinbefore referred to written to it by the appellant contains an acknowledgment of and a promise in writing to pay the account sued on, and consequently the case is taken out of the operation of the three-year statute of limitations. Section 3118, Code of 1906; Hemingway's Code, section 2482.

An acknowledgment or promise that will save the bar of the statute of limitations must identify the debt and acknowledge or promise to pay a definite amount (*Mask* v. *Philler,* 32 Miss. 237; *Trustees of Canton Female Academy* v. *Gilman,* 55 Miss. 148; *Eckford* v. *Evans,* 56 Miss. 18; *Fletcher* v. *Gillan,* 62 Miss. 8; *Allen* v. *Hillman,* 69 Miss. 225, 13 So. 871; *Philp* v. *Hicks,* 112 Miss. 581, 73 So. 610), unless the debt is evidenced by a written instrument from which the amount due thereon can be ascertained by calculation, in which event the amount due need not be stated in the acknowledgment or new promise. *Hart* v. *Boyt,* 54 Miss. 547; *Heflin* v. *Kinard,* 67 Miss. 522, 7 So. 493. To allow the debt and amount due thereon "to be proved by parol would produce the evil the statute requiring an acknowledgment or promise in writing to save the bar of the statute was intended to prevent." *Trustees of Canton Female Academy* v. *Gilman,* 55 Miss. 148, quoted with approval in *Heflin* v. *Kinard,* 67 Miss. 522, 7 So. 493. That this

would be the effect of allowing such proof to be made by parol is made manifest here, for in order to recover the appellee was compelled to and did prove by parol both the account sued on and the balance due thereon. It is true that the second letter was written after the statement of the account had been sent to the appellant in response to his request therefor, but what that statement contained, to and from whom due, the items thereof, and the amount due thereon, rest wholly in parol.

The sufficiency of the letter here in question as an acknowledgment or a new promise does not really arise on this record, for the reason that the appellee simply joined issue on the plea of the statute of limitations and did not reply thereto setting up an acknowledgment or new promise in writing. The case has been argued by counsel, however, as if an acknowledgment or new promise is presented by the pleadings, and we had decided it accordingly.

*Reversed and remanded.*

Anderson, J. I dissent from the majority opinion. There are two lines of authorities. One holds to the doctrine that there must be a positive identification in the writing of the debt referred to, that it must name the amount of the debt. Another line of authorities holds to the doctrine that the identification of the debt may be by parol evidence provided the writing itself points with certainty to the matter *aliunde.* 17 Ruling Case Law, p. 905, section 264. Mississippi has aligned herself with the latter. *Hart* v. *Boyt,* 54 Miss. 547; *Heflin* v. *Kinard,* 67 Miss. 522, 7 So. 493; *Yarbrough* v. *Gilland,* 77 Miss. 139, 24 So. 170; *Stewart* v. *Forman,* 90 Miss. 85, 43 So. 67; *Edward Thompson Co.* v. *Foy,* 115 Miss. 848, 76 So. 685.

The balance due by appellant when he wrote the last letter was agreed upon, and the agreement was embodied in the two letters in connection with the written statement of the account sent by appellee to appellant. Here

is the case: Appellant wrote a letter to appellee asking for a statement of the balance due. Appellee replied in writing that it was one thousand six hundred seven dollars and twenty-eight cents. On receipt of that letter from appellee, appellant wrote appellee inclosing a check for one thousand dollars, and stating that he would pay the balance soon. How could a written agreement point with more definiteness and certainty to a fact resting in parol? There was no dispute about the amount, both parties thoroughly understood what it was. The cases relied on in the majority opinion in my judgment do not justify the statement therein that "unless the debt is evidenced by a written instrument from which the amount due thereon can be ascertained by calculation," parol evidence to identify it is inadmissible. I do not think there is a case in our decisions that justifies any such statement. On the contrary, the cases decided by this court hold that where the writing points to some fact, although resting in parol, by which the debt can be certainly ascertained it is sufficient.

In all other respects I agree with the majority opinion.

I am authorized by Judge COOK to say he joins in this dissent.

PER CURIAM.

The judgment herein was reversed on a former day, for the reason that the court below erroneously granted the appellee an instruction to the jury to return a verdict in its favor. As will appear from the opinion then rendered, two reasons were assigned for holding this instruction erroneous: (1) That on the evidence it was for the jury to say whether or not the appellant authorized or ratified Everhardt's purchase of the material for his, the appellant's, account; and (2) that the greater part of the account sued on is barred by the three-year statute of limitations. On the second of these questions the court was divided four to

two, Judge SYKES voting with the majority. Since the rendition of our former judgment, Judge SYKES has ceased to be a member of the court and has been succeeded by Judge McGOWEN, who agrees with Judges ANDERSON and COOK that the appellant's letters set forth in the original opinion in chief constitute a sufficient acknowledgment of or promise to pay the account sued on to save it from the bar of the three-year statute of limitations. Consequently, the court is now equally divided on that question, Judges ETHRIDGE, HOLDEN, and SMITH adhering to the view thereof set forth in the original opinion in chief, Judges McGOWEN and COOK concurring with Judge ANDERSON in the views set forth by him in his dissenting opinion.

A decision of this question is not necessary to the reversal of the judgment of the court below, for, as hereinbefore set forth, the instruction here under consideration was erroneous for another reason; and because of the division among us as to whether or not the three-year statute of limitations applies, we will express no opinion thereon, but will rest the reversal of the judgment of the court below on the first reason hereinbefore set forth. The opinion hereinbefore rendered will not be withdrawn, but the views therein expressed on the statute of limitations are not now and must not be considered as the views of the court, but of Judges ETHRIDGE, HOLDEN, and SMITH only; the views of Judges McGOWEN, ANDERSON, and COOK being as set forth by Judge ANDERSON in his dissenting opinion.

With this modification of the opinion, the suggestion of error will be overruled.

*Overruled.*